Frank Parker (Plaintiff)
1860 West 500 North, C45
Salt Lake City, Utah 84116
Phone 435-255-0073

PRO SE

FILED
U.S. DISTRICT COURT
2018 SEP -4 A 11:51
DISTRICT OF UTAH
BY:
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Frank Parker<br><br>**PLAINTIFF**<br><br>**Vs.**<br><br>APP/Kristie Bourdon, UBPP/Dave Franchino, UDC/Swat Team, John doe,1,2,3,4, UDC/ S.O. Registry/U A Gen. Sean Reyes, Curtis L. Garner, SLPD, Etc..<br>**DEFENDENTS** | **CIVIL RIGHT COMPLANINT (42U.S.C.§1983, 1985)**<br>( 1964 18 USC 245)<br><br>**Demand for Jury Trial**<br><br>**CIVIL NO. Case 2:18- cv- 00688**<br><br>**Judge: Stewart, Ted** |

## JURISDICTION

Jurisdiction is proper in this court according to; 42 U.S.C.§1983; 42 U.S.C. § 1985., The Civil Rights Act of 1964 18 USC 245.

## VENUE

The venue is proper in this Court pursuant to 28 U.S.C. § 1391, and because the Defendants are Utah governmental officials, and the Plaintiff lives in this district.

## PARTIES

I am Frank Parker the Plaintiff of the above Caption Matter and I states that I am a Citizen of Utah residing at 1860 West 500 North C45, Salt Lake City, Utah #84116.

The Defendant Kristie Bourdon is a Citizen of Salt Lake City, Utah. PO Kristie Bourdon was employed as a Parole Officer (PO), with the Utah Department of Correction Adult Probation and Parole. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred.

Dave Franchino is a citizen of Murray Utah, is employed as a Hearing Officer for the Utah Board of Pardons and Parole. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred. *(it is believed that this Defendant have deceased).*

John Doe 1,2,3 and 4 is employed by The Utah Department of Corrections Swat Team Unit. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred.

John Doe 1,2,3, is employed by The Utah Department of Correction State Registry Keeper Unit. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred.

Sean Reyes is the Attorney General of Utah and is employed under the Color the Law at 350 North State Street, STE#230, Salt Lake City, Utah 84114.

Utah Adult Probation and Parole Supervisor Blanchard etc.... is employed by the Utah Department of Correction Adult Probation and Parole. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred.

Curtis L. Garner was employed as a Senior Utah board of pardons and parole Hearing Office. The Defendant was working under the Color of the State at the time these unconstitutional, and criminal acts of conspiracy claims occurred.

## NATURE OF CASE

The Plaintiff was Granted Parole effective date, 7/5/2005.

On March 21st, 2006, the Plaintiff parole was Revoked. After meeting the Utah Board of Pardons and Parole standards. The Plaintiff parole was reinstated on March 20th, 2007. Thereafter, reporting to AP&P, contingencies emerged between the Plaintiff and Adult Probation and Parole (AP&P), which deviated from; Salt Lake Third District Courts (SLDC) sentencing Disposition, and Utah Board of Pardon (UBP) Parole Agreement Condition documents *;PAC)#1,3,4.*[1] *(EXHIBIT #1, #2 parole agreement and court recommendation*).

The ambiguousness warranted clarification by either the, (UBP) or (SLDC). Since all the legal documents from (SLDC)under the title Sentencing Recommendation, and Disposition documents, did not in its entirety, and neither did the (UBP) Parole Agreement documents. None of the documents has any remarks or stipulations ordering the Plaintiff to cooperate with Utah State Sex Offender Registry as a condition of the Plaintiff parole.

Making this technicality known to the Department (AP&P), and being a Parolee, the matter was combative by the Department, rather than amended. The missing language constituted contentions between (AP&P) and the Plaintiff, being since this was the first time the Plaintiff was made known that he must register with the Utah State Registry. However, the Plaintiff did file a complaint against His State appointed Attorney (*Suanne Gustine*) for this cause, *see;(***12-4133 - Parker v. State of Utah, et al.)**.

The Plaintiff argued relentlessly regarding the facts that (SLDC), (UBPP), and (AP&P) would violate the Plaintiffs "Due Process Constitutional Rights under the 14th Amendment, if the Plaintiff were compelled to be compliant with conditions not legally stated on his parole agreement as a condition of his Parole, from either by the Utah State Board of Pardons and Parole, or by the Third District Court Salt Lake City, Utah , would cause constitution violation issues, and are illegal to enforce.

Furthermore, to legitimize or execute an issue of this nature it must be written in the form of a Judicial Legal Documentation. For this to happen it would have to be performed by the "Third District Court Judge Timothy Henson", or the Utah Board of Pardons a Parole Hearing Officer "Cheryl Hanson", who conducted the Plaintiffs, 2004 Parole Hearing.

The (HO) Cheryl Hanson particularly informed the Plaintiff during His 2004, Parole Hearing. "(HO) Cheryl Hanson spoke poorly about the Attorney that represented the Plaintiff." (HO) Hanson, furthered and said she was not even going to stipulate any sex-related conditions, as conditions of the Plaintiff parole. (HO) Hanson also expressed Her viewing of the information on the case. *"For the courts information, (HO) Hanson ,was one of the toughest S.O. (HO) there was in the State of Utah."* (HO) Hanson stated to Me that after reviewing My records, She founded nothing that compares the Plaintiff profile with the profile of a sex offender. (HO) Hanson, furthered to say it would be a waste of State resources, finances, and time to stipulate differently. The Board of Pardons and Parole (HO) Hanson [R]eprieve the Plaintiff from being subjected to Utah State Sex Offender Registry , by omitting the idiom regarding the Sex Offender Registry and Sex Offender Treatment from the Plaintiff records and has the authority to do so. See; *"Sec. 12.* ***[Board of pardons. Respites and reprieves.]****"*

For the Utah Department of Correction Sex Registry Keeper, and the Department of Adult Probation and Parole, and Salt Lake Police Department keepers, through cruelty and *coercion*, forced the Plaintiff to comply to these false and illegal conditions and recommendations, that was overtly not consistence with the Plaintiffs legal authentic documentation produced by the "Third District Court" or the "Utah Board of Pardons of Parole".

By the Defendants competency through coercion committed the Plaintiff to, "False imprisonment", and the amount of time the Plaintiff served under the Defendants direct coercion, is two years short of a "Life Sentence".

The legal definition of false imprisonment is defined as; " *when a person is restricted in their personal movement within any area without justification or consent.*"

The Plaintiff cried out for legal injustice for, 18 years under duress of the Defendants.

The Defendants premeditatively conspired together to harass the Plaintiff for no other reasons except that the Plaintiffs was, a Partaker of Baptist Religious Faith, and being a Black American Male struggling to reinvent a life with his three Daughters and Loving Wife. The Plaintiff Difference from the Defendants Ethnicity, Culture, Religious Faith and Worships, but at the end of the day we are all Human Beings created in God own image.

The Plaintiff admits to making a Plea Bargain with the Utah State Prosecutor in the Salt Lake Third District Court on the sex offense matter, to avoid the three strike Law, which entailed three drug evictions, and if convicted the Plaintiff would be facing a five-to-life sentence. However, the Prosecutor, or the Plaintiff State appointed Attorney, nor did Judge Hansen whom judicated the matter mention anything about the Plaintiff being subjected to the Sex offender Registry in court. There was no language that is

recognizable in the Plaintiffs disposition documents, or the sentencing recommendation sent from the Courts to the Utah Board of Pardons and parole, stipulating that the plaintiff was to register as a Sex Offender Upon being release from prison on parole. The absence of the Sex Offender Registry condition, on the Plaintiff's parole agreement makes it unlawful to be enforce by the Department of Adult Probation and Parole. This would violate the Plaintiffs Due Process Rights that is govern by law. The Sex Offender Registry condition, without clarification from the Utah Board of Pardons and Parole or, from the sentencing court, and because of the absence of this crucial language on the Plaintiff Parole agreement, bars the authority of AP&P to enforce a condition not overt on the Plaintiff parole agreement, which was agreed upon and sign between the two Parties (1). Utah State Board of Pardons and Parole and (2). the Plaintiff.

The Department of (AP&P) coerce the Plaintiff in registering with the S.O. Registry. This by law violates and breaches, the relationships and conditions of the Plea Agreement that was engaged between the, Utah Third District Court, and the Utah State Prosecutor, and the Plaintiff. Despite the unconstitutionality in regard of the Plaintiff's freedoms, and Due Process Rights, that is protected under the guarantees of the United States constitutions.

The Plaintiff was compelled to cooperate with Utah State Sex Offenders Registry for approximately, 18 years with sentencing ending, July 24th, 2018.

Intimidated by direct duress from the Defendants and PO Kristie Bourdon and Utah Sex Offenders Registry Keepers and the Salt Lake City Police Department. The Plaintiff had no other ultimatum. The Defendants made it clear that if the Plaintiff refused to cooperate with the Utah Sex Offender Registry, the Plaintiff would be charged with a third-degree felony and took back to prison. The Defendants coerionce left the Plaintiff

with no other option, other than be submissive to this injustice. The Plaintiff submitted to the Defendants wrongs, on the strength of reuniting with His Wife and Children. However, the Plaintiff kept informing the Utah Registry Keepers, and Adult Probation and Parole that to coerce the Plaintiff to such unjust circumstances violates, the Plaintiff Due Process under the 14th Amendment Constitutional guarantees.

To add the Sex Offender Registry languages to the Plaintiff Parole release Agreement that has been witnessed and endorse under jurisdictive authorities, would defile the Constitutional Rights which encompasses this entire Complaint of the Plaintiff. For the Department of Adult Probation and Parole to judicate a matter such as this without jurisdiction authorities is prohibited by law. Base on the facts that the Defendants consciously performed this unlawful cruelty against the Plaintiff, it creates a wrongful imprisonment that was willfully executed by the Defendants.

(APP) PO Kristie Bourdon violated the Plaintiff on technicalities that did not even exist as a condition of the Plaintiff Parole Agreement. This defiles the agreement between the Board of Pardons, and the Plaintiff.

However, out of Duress the Plaintiff complied with the conditions, in order to keep His promise to Plaintiffs kids, who have yearned over My absent from their lives for years. The Plaintiff was very adamant about the duress, to Utah Department of Correction registry keepers, because it was the Plaintiffs constitutional Rights and liberties that were being violated with no empathy.

The negligence and misconduct of PO Kristie Bourdon were contrary to the conduct you would expect coming from an officer of the law.

PO Kristie Bourdon deceptive demeanor came across to the Plaintiff as being Racist, Bias, "especially" Retaliatory, and Discriminant.

The Defendants had already plotted a conspiracy to ensure that the Plaintiff loses all the liberties, valuables, and the irreplaceable time with family togetherness. *The Defendants retaliation against the Plaintiff is said to be triggered because the Plaintiff opposed of his child being baptized LDS.*

The Plaintiff learnt the fullness of the Defendants intent at the Plaintiff Board of Pardons and Parole Revocation Hearing. The Plaintiff was overtly being punished not for a violation of His parole, but on the contrary, for an anti-religious act that occurred over the Plaintiffs Daughters religious upbringing. Because of this PO Kristie Bourdon generated biases against the Plaintiff, evidently based on a Religious ordeal. This was an occurrence that had happen between the LDS Church and the Plaintiff, a hatchet that had long been buried by the LDS Church President, and the Plaintiff without any animosity.

The courts need to acknowledge when listening at the Audio Hearing that is the final episode of the Defendants conspiracy, that the Defendants and Hearing Officer Dave Franchino, do not even know the allege dispute between the Plaintiff and the LDS Church.

Because, the dispute was not drawn on the alleged facts that the Plaintiff believed that maybe the LDS Church had an influence on the Plaintiffs loss of custody his child. This was not even the reason of the contingency that was raised between the LDS Church and the Plaintiff. The contingency was raised on the facts that DCFS authorized the Plaintiff Child to be Baptized without the Plaintiffs consent. Secondly, the Plaintiff and His Daughter was just Baptized, Baptist, less than a year prior to the Baptizing LDS. *(See exhibit #3)*

Maybe if the Child had not been previously Baptized Baptist, this would not have been a subjective issue, as the Plaintiff concluded with the LDS Church Associates. However, since this was not the case, it raised issues. Nevertheless, all legalities favored the Plaintiff being that the Plaintiff had custody of the Child at that time and parental rights was never diminish totally only temporarily.

From this evidence along, it can be easily seen how Hideous, and outlandish the Defendants Misconduct was. When viewing the misconception, and misconduct of the Defendants, it clearly prevails not only the Defendants unhuman intentional hate, without cause, or respect to the Plaintiffs United States Constitutional Rights, it shows bias, racial, Discriminant, and illegal Retaliatory cruelties, to divide the Plaintiffs from family and social life acceptance in groups of choice or ethnicity.

The misconduct of PO Kristie Bourdon and the other Defendants unfolds their unlawful intention of conspiracy against the Plaintiff, people of color, and people of differences in Religious faiths.

Knowing that the Defendants was always on the pray for the Plaintiff. The Plaintiff enthusiastically kept seeking to finding an opportunity to speak to someone other than the Defendants in question about the registry situation. On the few occasions when finding someone, the conversation would always fall short of its intent. The conversation would either be interrupted by an under desirable person or event, which disrupted the ultimate goal to find out how to request a review, so that this issue could be revised through someone other than the Defendants in question.

The Defendants misconduct, Negligence, Biases, and Racialism, of deliberately intent to cause harms to the Plaintiff is explicitly present. The conspiracy potting is factual evidence why the Defendants refused to investigate the overt absent of the language in

question, and that a technicality such as mention on lines, (64-80) frequently occurs in the language of the Board of Pardons documents. However, the disputed language on the Plaintiff parole documents could have been swiftly rectified if PO Kristie Bourdon and Her Supervisor would have rightfully exhausted their duties as a P.O., by requesting a Special Attention Hearings or Review. This is something that is described in the Defendants job description to liaison disputes, where no one have the authority to edit the authenticity of the Board and Pardons and Parole orders, or the court judgements, but the two authenticators who wrote the Parole agreement, and conditions, as conditions of the Plaintiff parole. This shows how the Defendants biasness, racial acts, and hatred costed the Plaintiff approximately 18teen, years of his life. The Defendants Negligence of their duties as Parole Officers, and Correction Officers, subjected the Plaintiff to extreme battery and emotional distress. This eventually ended up with the Plaintiff doing an illegal imprisonment. The Defendants actions violated the Plaintiff Due Process, and Constitutional Liberties that's guaranteed by the United States, and with Freedom of Religious Rights that is eradicated under the 1st constitutional Amendment.

It is clear that all the Defendants stated in this complaint except the Attorney General, maliciously cooperated in a premeditated form of conspiracy in the deprivation of the Plaintiff Civil and Constitutional Rights.

The Plaintiff first Alteration Hearing with PO Kristie Bourdon and her Supervisor Ed Blanchard, made PO Kristie Bourdon extremely irritable when the Plaintiff parole was not revoked, by Her Supervisor Ed Blanchard. "(*This was an alteration that was not even stipulated as a condition of the Plaintiffs parole agreement)*"

Disrupted from the Alteration Hearing, PO Kristie Bourdon started a continuance of malicious retaliatory, and racial acts against the Plaintiff. The most duplicitous and unlawful retaliatory act PO Kristie Bourdon committed against the Plaintiff, was when PO Kristie Bourdon called the Plaintiff on His cell-phone and scheduled a time with the Plaintiff to come over and conduct a home visit. On the scheduled appointment, PO Kristie Bourdon arrived at the Plaintiff address registered with the *Department of Adult Probation and Parole*. PO Kristie Bourdon and Her Co-Officer came inside the Plaintiff apartment and did a sterile inspection of the bedrooms, closets, and kitchen areas, and found it to be acceptable, [*except for the living room because I had not purchased any living room furniture yet. PO Kristie Bourdon suggested that I buy some from the "Deseret Industry]."* I told her that I preferred purchasing it from another place I had in mind, and that I just needed to get another paycheck in my pocket. All the sudden PO Kristie Bourdon flipped, and said to me, "You know what, I am not going to argue with you every time I come over to your place for a home visit. Then PO Kristie Bourdon stormed out of the Plaintiff apartment and was visibly angry.

What PO Kristie Bourdon did next appear to be a little suspicious to the Plaintiff, which is, the following week PO Kristie Bourdon conducted an unannounced visit at the Plaintiff resident, knowing that the Plaintiff was at work. When the Plaintiff got home from work, that day the Plaintiff found PO Kristie Bourdon's , and another P.O. card tucked away in the Plaintiff's door. The Plaintiff did not think anything of it, being that PO Kristie Bourdon had already visited the Plaintiffs home no more than a week ago.

However, the Plaintiff did attempt to contact PO Kristie Bourdon, but the Plaintiff was unsuccessful.

On the following Sunday after getting home from services at Calvary Baptist Church, the Plaintiff got prepared for bed, turned on the TV and started watching the Sunday Night Late NFL Football game. Shortly after that, someone knocked on my door, when I answered it to my surprise, I founded an armed Swat team with loaded weapons pointed at Me. I was shocked speechless until one of the Swat team guys said to me;[i]

"Mr. Parker, I am so sorry, but your PO Kristie Bourdon requested the Board of Pardons to issue a Fugitive Warrant for your arrest, DEAD OR ALIVE and stated that She had good reasons to believe that you had absconded, based on the facts that She looked through your living room window and saw no furniture and the place looked abandoned, which gave Her good cause and reasons to believe that You had absconded.[ii] However, it is an error because you are at the address you have on records with AP&P, but our hands are tied being it is Sunday, and no Board Member is present to rescind the warrant." We regret doing this. However, we must take you in, hopefully, on Monday they can sort this out, and you will be released."

However, the Monday release never came.

The Defendant Kristie Bourdon came to the prison on the following Monday, laughing and taunting the Plaintiff, although the Defendant Kristie Bourdon did not enter to the Plaintiff holding area. however, the Defendant Kristie Bourdon made it appearant that she was present with Her loud squeaky disguisable voice. Defendant Kristie Bourdons guilt would not let her face the Plaintiff face to face. So, the Defendant Kristie Bourdon

use the Sergeant of the prison as a liaison to communicate back and forth, informing Me that if I still had My apartment, She was considering having Me released.

"However, on the contrary, all the Defendant had to do is schedule the Plaintiff for a 72-hour Preliminary Revocation Hearing to show probable cause, which is lawful under the 14th Amendment of the Constitution."

The Plaintiff told the sergeant to tell the Defendant Kristie Bourdon, "yes, I do still have an apartment, and the rent is current".

The Defendant Kristie Bourdon left the prison without replying, whether she was going to request the resending of the warrant. There was not a reply back from the Sergeant, so I packed all My belongings, thinking I was going to be released on the strength that I did not violate any of the conditions of my Parole agreement.

This issue did not even warrant a Board Appearance, and the Plaintiff should have been scheduled for immediate release under the impartiality of the State Law, as well as, Federal Law obedience. This act along annotates the conspiracy and intent of the Defendants, to commit hideous criminal acts and the deprivation against the Plaintiffs Civil Liberties and Constitutional Rights guarantees.

So, the Utah State Department of Correction should be held liable for the hideous acts committed against the Plaintiff, that has deprived the Plaintiff of approximately 18 years of liberties, and civil enjoyments, that other citizen enjoyed. Resultant from direct injustices committed against the Plaintiff by the Defendants that is, or was, working under the color of law at Utah State Government.[1]

---

[1] *"See; TITLE 18, "U.S.C., SECTION 241; Conspiracy Against Rights 18 USC 241 makes it a crime for two or more people to harm, threaten, or intimidate anyone in the free exercise or enjoyment of any right or privilege under the Constitution or laws of the United States."*

The Plaintiff was not given an equal opportunity like other inmates. The Utah Department of Probation and Parole, has protocols that the Department normally follows upon violating a Parolee. From my experiences' they; 1- obtains the Parolee, 2- sustain the parolee in the county jail, and progressively attempt to obtain evidence that would be creditable in rescinding the Plaintiff parole within the 72 hours hold, awaiting a Preliminary Revocation Hearing. The characterization of this Hearing would be directed by an official outside of the juricdicion of Correction, that have no relationship with the Department of Correction or have any knowledge of the violation violator or the Parolee conduct. Upon hearing both sides the Hearing Officer should determine whether or not the Parolee has violated his parole conditions.

The Defendants denied the Plaintiff these rights. This again shows raw evidence that no violation existed, and additionally shows the Defendants platform of illegal intentional conspiracy of hatred and hideous acts against the Plaintiff. This deprived the Plaintiff of Due Process and several other Constitutional guarantees and civil liberties.

However, the deprivation of the Plaintiffs Due Process shows the flawlessness of the Plaintiffs innocent. This made it even more clear and obvious that the Defendants was conspiring to cause deprivation of the Plaintiff enjoyments, rights, and privileges under the Constitution and laws of the United States."

What made the Plaintiff so apprehensive, was that the Defendants was acting as if they were a Mafia, with the "JOHN GOTTI" temperament's. The Defendants dilemma was unpleasantly and absolutely contrary to the best interest of justice.

However, the LDS partakers do not condone this type of behaviors which involves extreme deprivation of a Person's constitutional Rights, is contrary, to the LDS faith. ' (I speak on my intellect base on attending approximately one year at the LDS Institute

educating myself on the culture totality of Utah and found it highly acceptable).' I do not know of no Church that would give permission to someone to commit xenophobia conspiracy. The Defendants intentional abusiveness affected the Plaintiff mental stability in countless ways, and recovery is not expected for years to come. The depressions related to the Defendants actions was so affected that it had the Plaintiff suicidal at one point. The Plaintiff is still seeing a psychiatrist every thirty days for the damages PO Kristie Bourdon and the other Defendants caused.

In conclusion, the Board of Pardons Hearing Officer 'Dave Franchino' concluded the Plaintiffs hearing by stating:[iii] "Mr. Parker you have submitted enough evidence which proves you have not violated the conditions of your Parole agreement.

However, I have one last question I would like to ask you.

*"What is this I hear about you lashing out about the LDS Church?"*[iv]

The Plaintiff was extremely flabbergasted of this line of questioning. This line of questioning was totally irrelevant to the cause of actions *"Revocation Hearing"*. The rhetoric of the question spoke volume of racial biases and the mere thought left me speechless , to a point that I was thoughtless of conjuring a cognitive reframing answer that would not jeopardize my release, that should have been granted from the point of arrest. This is the last phase of the conspiracy, but not the last on the recklessness of the Plaintiff life which the terrifying residue of these cruelties is still on going. This was a malicious intentional act by two or more Defendants, conspiring together to cause intentional and extreme hideous harm to the Plaintiff without any legitimacy of law.

Such rhetorical language used by the Utah Board of Pardons and Parole Hearing Officer, "Dave Franchino" was an indisputable fact that the Defendants in question committed conspiracy against the Plaintiff Rights, see;( *Title 18 of the U.S. Code, § 241—*

*Conspiracy Against Rights*),.[v] This act conspired by the Defendant implicates that the Plaintiff innocents would be a subjectivity to bias impartiality. *see; (EXHIBIT#4, audio of the Hearing conducted by UBP Dave Franchino(17min. in of 30 min cession))*[vi]

## CAUSE OF ACTION

The Plaintiff alleges that the following Constitutional rights, privileges, and immunities have been violated and the following facts form the basis for the allegations:

**Count 1:** *Violation of the Plaintiff 14th Amendment Rights Due Process*

The Plaintiff states His, " *Due Process Rights"*, under the constitutional Amendment 14th was violated when the Defendants Kristie Bourdon, and the Utah State Registry Keepers by coercion subjected the Plaintiff to comply to conditions that was not stipulated on the Plaintiff Parole agreement.

**Count 2:** *Violation of the Plaintiff "8th Amendment Right cruel and unusual punishment" and Utah Constitution Article I, Section 9.*

The Plaintiff states that His *"8th Amendment Right not to be subject to cruel and unusual punishment"* was violated by the Defendants, when the Plaintiff was compelled to cooperate with Utah State Sex Offenders Registry for approximately 16 years. The Plaintiff was Intimidated by direct duress from PO Kristie Bourdon and Utah Sex Offenders Registry Keepers, and Salt Lake Police Department keepers, under the duress ,informed the Plaintiff that refusing to cooperate with the Utah Sex Offender Registry, the Plaintiff would be charged with a third-degree felony, and would be taken back to prison, and that the charge, or violation, would cause the Utah ten-

years registry obligation, to restart each time a violation or convictions occurred. The Plaintiff was conditionally released from prison under the authority of the Utah Board of Pardons and Parole on the "20th day of March 2007".

**Count 3:** *Violation of the 8th Amendment, Freedom from cruel or unusual Punishment*

The Plaintiff state that the Defendants violated the Plaintiff; *8th Amendment, Freedom from cruel or unusual Punishment* ,when the Defendants coerce the Plaintiff to comply to parole conditions not stated on the Plaintiffs Parole Agreement. There were no stipulations on the Plaintiff parole documents, or court sentencing recommendation in its entirety, stipulating any condition relating to Registering, or cooperating with Utah Registry Keeper. *(See, Exhibit-1,2).*

**Count 4**: *Violation of the 4Th Amendment of the United States Constitution*

The Plaintiff alleges that the following Constitutional rights, privileges, and immunities have been violated and the following facts form the basis for the allegations: That the Defendant Curtis L. Garner, Senior Hearing Officer for the Utah Board of Pardons violated the Plaintiffs: *4Th Amendment of the United States Constitution*. When the Defendants issued a warrant for the Plaintiff arrest without probable cause.

**Count 5:** *Violation of the 8th Amendment of the United States Constitution*

The Defendants, under malice negligence, jeopardized the Plaintiffs life which violated Plaintiff, *8th Amendment of the United States Constitution,* the rights not to be subjected to Freedom from Cruel and Unusual Punishment when arrest the Plaintiff on an unjustified cause.

**Count 6:** *Violation of the 4th Amendment constitutional right.*

Plaintiff states that the Defendant Curtis L. Garner violated Plaintiff Rights when the Defendant negligently issued a fugitive warrant for the Plaintiff arrest dead or alive without *sufficient evidence to support the warrant*, and the Defendant Negligence, violated the Plaintiff; *4th Amendment constitutional right, the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

On the 26th of December 2007. The warrant was signed by the Defendant Curtis L. Garner and was served upon the Plaintiff at the exact Address the Plaintiff had on file with; Utah Adult Probation and parole, Utah Board of Pardons and Parole, and Utah Department of Correction Sex Offender Registry Keepers and Salt Lake Police Department keepers.

**Count 7**: *Violation of the 14th Amendment*

**Count 8**: *violation of the 4th Amendment*

The Plaintiff states the Defendants, John Doe 1,2,3,4 working at the Utah Correction Swat Team Department, violated the Plaintiff, *14th Amendment Right to citizenship of any person born in the United States. Right to equal protection of the national and state laws. Right to be free of any law that abridges the privileges or immunities of a citizen. Right to be free of any law that deprives a person of life, liberty, or property without due process.* When the Defendants knew without a doubt, that the Plaintiff had not violated his Parole agreement, but despite the truth the Defendants arrested the Plaintiff anyway without probable cause. This violated the Plaintiffs gurantees endorsed under the United States Constitutional Amendments.

**Count 9**: *Violation of 14th Amendment Equal Protection of National and State Law*

The Plaintiff states that the Defendants, John Doe 1,2,3,4 working under the Utah Correction Swat Team Department, violated the Plaintiff ,*14th Amendment Equal Protection of National and State Law* by arresting the Plaintiff and saying; "Mr. Parker, I am so sorry, but your PO Kristie Bourdon requested the Board of Pardons to issue a Fugitive Warrant for your arrest, DEAD OR ALIVE.

**Count 10:** *18 U.S. Code § 241 - Conspiracy against rights*

By committing to this overt conspiracy, the Swat Team Defendants violated the Plaintiff, free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, the Defendants committed conspiracy against the Plaintiff".

**Count 11:** *Violation of 14th Amendment Right and Utah Constitution Article 1, Section 7 [Due Process of the Law] ,Article I, Section 12. [Rights of accused persons]*

The Plaintiff states that the Defendants violated His; *14th Amendment Right to citizenship of any person born in the United States. Right to equal protection of the national and state laws. Right to be free of any law that abridges the privileges or immunities of a citizen. Right to be free of any law that deprives a person of life, liberty, or property without due process, And Utah Constitution Article I, Section 7 [Due Process of the Law] And Article I, Section 12. , [Rights of accused persons]*

By not allowing the Plaintiff's equal rights pursuant to; Utah Code ( 77-27-11. Revocation of parole). Where the Plaintiff was otherwise entitled to a Preliminary Examination, the function of that examination is limited to determining whether probable cause exists unless otherwise provided by statute. Nothing in this Constitution

shall preclude the use of reliable hearsay evidence as defined by statute of rule in whole or in part at any preliminary examination to determine probable cause or at any pretrial proceeding with respect to release of the Plaintiff if appropriate discovery is allowed as defined by statute or rule. Because of the intentional intent to commit conspiracy against the Plaintiff the Defendants grossly and negligently is in violations of the Plaintiff Rights as stated in this paragraph .

**Count 12:** *8th Constitutional Amendment*

**Count 13:** *Constitutional 14th Amendments*

The Plaintiff states the Defendants violated the Plaintiff, *8th Constitutional Amendment,* when at the Board Hearing, the Plaintiff was found not guilty of any allegations alleged by PO Kristie Bourdon. Therefore, with respect to release of the Plaintiff if appropriate discovery is allowed as defined by statute or rule. The Plaintiff should have been immediately released back into the community. By not allowing the Plaintiff the same opportunity, Privileges and Freedoms like other inmates, violates the Plaintiff Civil Rights that are guaranteed and protected under the United States *Constitutional, 14th Amendments*.

**Count 14 :** *Constitution, 14th Amendments*

The Defendants Kristie Bourdon played the strategical role in this premeditated hideous Racial Hate crime act against the Plaintiff. The Defendants conspired cleverly and fabricated Legal means to accomplish an illegal conspiracy, "(18 U.S. Code § 371 )", contrarily generated a fugitive warrant for the Plaintiff arrest which initiated the phase of Defendants conspiracy. All the Defendants identified in this Complaint intentionally engaged maliciously to move this plan forward, each Defendant involved was fully aware and knew what to do. The Defendants planned and engaged, therefore violated the Plaintiffs, rights, privileges, and

immunities secured by the Constitution and laws. The unlawful acts of the Defendants violated the 14th Amendment Rights.

**Count 15:** _Violation of 14th Amendment rights_

The Defendants violated the Plaintiffs, _14th Amendment rights_ when the Defendants did an unlawful arrest that led to the Plaintiff, _false imprisonment_ with not legal justification.

**Count 16:** _Violation of 14th Constitution Amendment_

The Defendants violated the Plaintiff _14th Constitution Amendment_ when the Defendants; committed Unconditional cruelties against the Plaintiff civil rights and liberties. The Defendants deprivation of the Plaintiffs Liberties that are guaranteed under the Constitution of the United States. The Defendants are illustrating a pattern of like misconduct toward Parolees. *see(Dustin Dimmick vs. PO Kristie Bourdon, case:2:13-cv-00794). [This parole violation against the Parolee, has the exact sentimentalities that the Defendant PO Kristie Bourdon put the Plaintiff of this matter through].*

**Count 17:** _violation of the 9th and 14th Amendment_

The Defendants violated the Plaintiff, _9th and 14th Amendment_ when the Defendants negligently discarded their duties by failing to truthfully comply with the orders of the Courts, the Board of Pardons and Parole, and neglected the Plaintiff request for a special attention Hearing, to clarify the ambiguousness in the Board of Pardons and Parole, parole agreement document with the Plaintiff.

**Count 17, 18:** _Violation of the 4th Amendment and 14th Constitution Amendment_

The Defendants violated the Plaintiff, _4th Amendment Rights_ ,when misinforming their peers with false information to obtain a warrant for the Plaintiff arrest, when falsifying

governmental legal documents and reporting negative false information against the Plaintiff. This was a potted intentional *unlawful arrest and wrongful incarceration* fabricated so that the Defendant would be ensured, that Plaintiff would inherit cruelties in it fullness. This catered the Plaintiff rights to enjoy the guarantees of the United States constitutional liberties for approximately 16 years before being released from the jurisdiction of the Department of Utah Corrections, as a direct result caused by the Defendants misconduct. This also violated the Plaintiff *14th Constitution Amendment.*

**Count 19:** *14th Amendment Equal Protection Under the Law*

The Defendants violated the Plaintiffs *14th Amendment Equal Protection Under the law* . When the Defendants did a swatting attack, a malicious form of hoax where special weapons and tactics "Swat teams" ordered to arrest the Plaintiff dead or alive, under false pretenses, with potentially deadly results. However, what should have happened is that the warrant should have been recalled ,on the fact that the Swat Team Officers are arresting the Plaintiff from the exact address PO Kristie Bourdon had accused the Plaintiff of absconding from.[vii]

**Count 20:** Violation of *The Fourth Amendment*

The Defendant Violated the Plaintiff , *" Fourth Amendment"* when the Defendants fail to execute a warrant appropriately, which requires that any arrest be based on probable cause, even when the arrest is made pursuant to an arrest *warrant*. Whether or not there is probable cause typically depends on the totality of the circumstances, meaning everything that the officers know or reasonably believe at the time the arrest is made. The fact that the Swat Team Officers arrested the Plaintiff from the exact

address PO K. Bourdon had accused the Plaintiff of absconding from should have been collective enough to realize that an arrest was not appropriate in this situation.

**Count 21:** Violation of *The Civil Rights Act of 1968 enacted 18 U.S.C. § 245(b)(2).* The biasness and misconduct of PO Kristie Bourdon is outlandish and laced with prejudice. The Defendants trigger by Hatred, conspired together and committed a malicious Hate Crime through conspiracy which violates the Plaintiff civil rights. Defendants was motivated by hostility towards the Plaintiff cause of the Plaintiff race, religion and desires to partake the Religious Faith of his antecedent. The Defendants malicious intent to cause harm and committing the Hate Crime against the Plaintiff violates the Plaintiff Civil Rights.

## INJURY

Plaintiff social life, family life, financial stability, mental stabilities, employment, loss of properties, loss of opportunities, and , Manic Depression, Homelessness, etc...., are all injuries from the misconduct of the Defendants and wrongful incarceration.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

The Plaintiff have not file in any other courts Federal or State on this matter.

## DEMAND FOR JURY TRIAL:

The Plaintiff hereby requests a jury trial on all issues raised in this complaint.

## REQUEST FOR RELIEF

That the Plaintiff be assigned an Attorney to Represent the Plaintiff in these actions base on the Plaintiffs impecuniosity and Mental capacity at the current time, and that this was a direct result from the Defendants actions against the Plaintiff purposely.

1. The Plaintiff respectfully request that the Courts order the Utah Board of Pardons and Parole to issue expungement certificates for all other criminal charges on the plaintiffs criminal records that is twenty plus years old, or either Expired or Terminated, or have the record seal in the best interest of Prison Reform and initiate such processing immediately, and the State of Utah pay the expenditure, based on the fact, that the Defendants misconduct caused mental and physical injury to the Plaintiff limiting the Plaintiff abilities to work before, Rehabilitations of his Injuries resulting from the hideous acts of the Defendants intentional misconduct and conspiracy. Based on these acts and unfairness of the system, and the overtness of the authoritarians of knowing of the cruelties being perpetrated against the Plaintiff.

2. That the Defendants pay to the Plaintiff for damages; physical and mental suffering; loss of reputation; malicious intent on behalf of the defendant; for loss of potential income; defamation of Character; substandard employment and living conditions due to being, subjected to the Utah Sex Offenders Registry, and to be to determined by the Courts, or a qualified State Risk-Management analyst, to determine approximately wages loss for and individual with degrees as follows; Apprentice degree in Air Condition & Refrigeration, Apprentice degree in Building Construction, AAS in Architecture Technology, AAS in Energy Management, and Independent Business Owner in Building Construction.

3. That the Utah Board of Pardons and Parole, issue to the Plaintiff a Certificate of Expungement. Pursuant to; 77-27-5.1(a)(b)(2)(3) that the Board authority to order expungement of the Sex Offender Charge. If the Courts review Plaintiff Parole agreement document, it states that the class "A" Sex Offense should have expired in the year 2009. However, because of the Defendants wrongful imprisonment the clock

restarted, and the Plaintiff was not removed from the registry until, "July 2018" this is almost, 18 years later, under Utah indeterminate sentencing of ,0 to 1 years sentence. Over a wrongful imprisonment cause by the Defendants in question recklessness. That the Plaintiff pursuant to; **Utah Code Ann. §78B-9-401 et seq-** Compensation is provided for each year of wrongful imprisonment, up to a maximum of 15 years, and is calculated based on the average annual nonagricultural payroll wage in Utah at the time of the petitioner's release from prison.

4. That the State of Utah mandate a conjunctive law that before Utah Board of Pardons and Parole revokes a Parolee parole, that a Mental Evaluation is performed on the Parolee to ensure the Parolee is not suffering mental illnesses as a result of their Parole violation.

5. That a restraining order be put in place barring the Defendants in question from, nearing the Plaintiffs properties, living quarters, and from defamation of the Plaintiff character, and personal life liberties without legal cause, and justification from superior authoritarians.

6. That the Plaintiff be awarded Exemplary and punitive damages as an award for compensation and punishment based on the Defendant intentional actions subjecting the Plaintiff to a wrongful imprisonment that was recklessly, oppressively, insultingly, and maliciously with a design to oppress and injure the plaintiff. And that the award be determined by the courts.

7. That the Defendants be given a Psychological evaluation related to Cognitive thinking as a preventive precautionary to avoid a mishap fatality occurrence.

**DECARSTION UNDER PENALTY OF PERJURY**

The undersigned declares under the penalty of perjury that the Plaintiff in the above action, that has read the complaint, and that the information contained therein is true and correct. 28 U.S.C.§ 1746; 18 U.S.C §1621.

Executed at September on 4th 2018

Frank Park

Signature

[i] ***Federal Criminal Enforcement***

It is a crime for one or more persons acting under color of law willfully to deprive or conspire to deprive another person of any right protected by the Constitution or laws of the United States. (18 U.S.C. §§ 241, 242). "Color of law" simply means that the person doing the act is using power given to him or her by a governmental agency (local, State, or Federal). A law enforcement officer acts "under color of law" even if he or she is exceeding his or her rightful power. The types of law enforcement misconduct covered by these laws include excessive force, sexual assault, intentional false arrests, or the intentional fabrication of evidence resulting in a loss of liberty to another. Enforcement of these provisions does not require that any racial, religious, or other discriminatory motive existed. ***What remedies are available under these laws?*** Violations of these laws are punishable by fine and/or imprisonment. There is no private right of action under these statutes; in other words, these are not the legal provisions under which you would file a lawsuit on your own.

[ii] Qualified immunity means that the officer's act is immune from liability if it is discretionary, but not if it is ministerial. Also, an officer may not be liable even if the act is ministerial if it was done in good faith.

[iii] Title 42, United States Code, § 1983—Civil action for deprivation of rights, reads as follows: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia

[iv] The Federal Civil Rights Act of 1964 prohibits discrimination based on race, religion, color, national origin, sex, and pregnancy. These laws are enforceable by the federal government, but they may also be enforceable by the state if they have also been enacted as state statutes.

[v] Conspiracy to Interfere With someone Civil Rights

[vi] Conspiring with another to wrongfully confine a parolee as a parole violator.[1]

1. *Herring* v. *Keenan*, 218 F.3d 1171 (10th Cir. 2000).
2. The Federal Rules of Criminal Procedure are cited in the following endnotes as Fed. R. Crim. P. (2010). In the text, Rule 32 of the Federal Rules of Criminal Procedure is referred to as the "Rule" or "Rule 32".
3. 17. A preliminary hearing to determine whether probable cause exists for the revocation of parole should be conducted by some person other than the officer directly involved in the case. The parolee is entitled to notice of the hearing, its purpose, and the alleged parole violations. He can present evidence in his own behalf and question persons who have supplied adverse information, unless such a confrontation would endanger the informant. Upon a showing of probable cause, the parolee is returned to a correctional institution pending final revocation. Id. at 485-87.

---

[vii] The Fourth Amendment requires that any arrest be based on probable cause, even when the arrest is made pursuant to an arrest warrant. Whether or not there is probable cause typically depends on the totality of the circumstances, meaning everything that the arresting officers I mow or reasonably believe at the time the arrest is made However, probable cause