IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>   Plaintiff,<br><br>v.<br><br>KRISTIE BOURDON, et. al.,<br><br>   Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-688-TS-DBP<br><br>District Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

On September 4, 2018, the court granted Petitioner's motion to proceed in forma pauperis. (ECF No. 2.) On the same day, Plaintiff filed both a complaint and an amended complaint, which only added a jury demand. (ECF Nos. 3, 7.) This matter was referred to Magistrate Judge Pead under 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) Currently pending before the court are Plaintiff's motions to appoint counsel, effect service of process, toll the statute of limitations, amend the amended complaint to attach an exhibit, and allow participation in the courts' electronic noticing registration. (ECF Nos. 4-6, 10-11.)  The court addresses all of the pending motions in this Report and Recommendation with the exception of Plaintiff's motion for electronic noticing registration, which will be addressed in a separate ruling.

## **ANALYSIS**

**I. Screening Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)**

A court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2);

*Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012). When deciding whether to dismiss, a court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a pro se complaint must be construed liberally, a court should avoid acting as an advocate for a pro se litigant. *Id.*

Furthermore, in order to state a proper claim Fed. R. Civ. P. 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief"). The requirements of Rule 8(a) are further reinforced under rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

As explained by the Tenth Circuit, compliance with Fed. R. Civ. P. 8 requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious* at 1163 (10th Cir.

2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Plaintiff has filed a thirty-two (32) page amended complaint alleging Kristie Bourdon, Adult Probation and Parole, Dave Franchino, the Utah Board of Pardons and Parole, John Does 1-4, unknown employees with the Department of Corrections, Sean Reyes, as Attorney General for the State of Utah, and Curtis Garner, the Utah Board of Pardons and Parole, violated numerous Constitutional rights and various federal codes.  Out of the 32-pages, Plaintiff writes at length in a confused way about how he was unlawfully required to register as a sex offender on Utah's Sex Offender Registry.

Plaintiff, however, fails to provide information about his convictions in the body of his amended complaint.  This failure prevents Plaintiff from showing whether, given the nature of his convictions, Defendants unlawfully imposed further sex registration requirements on him, thereby entitling him to legal relief.  *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Additionally, while over the span of approximately sixteen (16) pages Plaintiff describes his run in with Defendants about the sex offender registration issue, he fails to include, with any form of clarity, the approximate month and year in which these encounters occurred.  Without these details, the court is unable to properly evaluate any statute of limitation issues that may be present in this case.

Separately, Plaintiff filed his amended complaint on September 4, 2018, and failed to include the exhibits that were attached to the originally complaint.  Yet, on September 10, 2018, Plaintiff filed a motion for leave to amend the amended complaint asking to attach exhibit 4. "An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into

the amended complaint." *See Mondragon v. Camping,* 2013 WL 5609348, fn 1 (D. Colo. 2013) *(citing Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204–05 (7th Cir. 1998) (holding in deciding to dismiss an amended complaint, a court could not rely on factual allegations made in original complaint but not repeated or incorporated into amended one.")). If Plaintiff's exhibits are to be incorporated into a second amended complaint, then he will need to attach them thereto. Otherwise, the court is unable to rely on those exhibits in support of any factual allegations.

Accordingly, to remedy the aforementioned inadequacies, this court **RECOMMENDS** the District Judge **ORDER** Plaintiff to file a second amended complaint as addressed below.

## II. Plaintiff's motion for service of process

On September 4, 2018, Plaintiff filed a motion for service of process requesting the court direct the United States Marshalls to serve Defendants. (ECF No. 5.) Separately, Plaintiff filed a motion for leave to amend the amended complaint on September 10, 2018. (ECF No. 10.) Without waiting for the court's ruling on the motions, Plaintiff requested that summonses be issued on October 3, 2018, and the clerk's office issued six (6) summonses on the same day. On October 11, 2018, Plaintiff filed a return of service indicting that Utah Attorney General Reyes was served. (ECF No. 18.)

Consequently, the court **RECOMMENDS** the District Judge **DENY** Plaintiff's motion for service of process as it is moot. (ECF No. 5.)

## III. Plaintiff's motion for appointment of counsel

A plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel, though appointment is permitted in certain circumstances. *See* 28 U.S.C. § 1915(e)(1). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115

4

(10th Cir. 2004). Courts consider "the merits of a [plaintiff's] claims, the nature and complexity of the factual and legal issues, and a [plaintiff's] ability to investigate the facts and present his claims." *Id.*

Unfortunately, Plaintiff does not provide an adequate basis for the appointment of counsel in his motion. Rather, he merely filed a two-sentence request for counsel, reminding the court that he is proceeding in forma pauperis. (ECF No. 4.)  This is not a proper basis to appoint counsel. Separately, the court is recommending Plaintiff amend his complaint for a second time because the court is unable to properly consider the merits of the claims. Therefore, Plaintiff's motion is premature.  Nonetheless, the court recognizes that counsel may subsequently become appropriate or necessary.

Accordingly, the court **RECOMMENDS** the District Judge **DENY** without prejudice Plaintiff's motion to appoint counsel. (ECF No. 4.)

IV.     **Plaintiff's motion for tolling statute of limitations**

 Because the court recommends that Plaintiff amend his complaint, the court further **RECOMMENDS** the District Judge **DENY**, without prejudice, Plaintiff's motion for tolling the statute of limitations.   (ECF No. 6.)  Plaintiff may refile a similar motion after he amends his complaint for a second time should such motion be meritorious.

V.     **Plaintiff's motion to amend the amended complaint**

Because the court is recommending that Plaintiff amend his complaint to comply with the pleading requirements of Fed. R. Civ. P. 8, the court further **RECOMMENDS** the District Judge **DENY** Plaintiff's motion to amend the amended complaint as it is moot.   (ECF No. 10.)  When Plaintiff files his second amended complaint, he may attach the exhibits at that time.

## RECOMMENDATIONS

For the reasons discussed above, this court **RECOMMENDS** the District Judge:

1. Permit Plaintiff, within twenty days from the date of an Order adopting this Report and Recommendation, to file a second amended complaint that includes the following:

    a. A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated;

    b. A short, succinct and specific factual allegations in support of each claim that are set forth in numbered paragraph form;

    c. Identification of what each defendant did, and when;

    d. Identification of how a defendant's conduct harmed the Plaintiff; and

    e. Identification of any connection between any relevant exhibits and the specific claim alleged.

2. **DENY** Plaintiff's motion to appoint counsel without prejudice.  (ECF No. 4.)

3. **DENY** Plaintiff's motion for service of process as it is moot.  (ECF No. 5.)

4. **DENY** Plaintiff's motion for tolling statute of limitations without prejudice. (ECF No. 6.)

5. **DENY** Plaintiff's motion to amend the amended complaint as it is moot.  (ECF No. 10.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 24th day of October, 2018.

By the Court:

Dustin B. Pead
United States Magistrate Judge