IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK PARKER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KRISTIE BOURDON, et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO REPORT AND RECOMMENDATION<br><br><br>Case No. 2:18-CV-688 TS-DBP<br><br>District Judge Ted Stewart |

On September 4, 2018, Plaintiff filed his Complaint and Amended Complaint. This case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). A Third Amended Complaint was filed on November 13, 2018. Plaintiff then filed various motions. On January 9, 2019, Defendants filed a motion to dismiss.

On July 5, 2019, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge recommended that the motion to dismiss be granted and the remaining motions be denied. Plaintiff filed a timely Objection and has filed a Supplemental Memorandum. Defendants have filed their Response.

I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a party has 14 days after being served with a copy of the Report and Recommendation to file an objection. Plaintiff has filed an objection to the Magistrate Judge's Report and Recommendation. As Plaintiff has objected, the Court reviews the Report and Recommendation de novo.[1]

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ." "The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[2]

II. DISCUSSION

Plaintiff brings a number of claims. The majority of his claims stem from the requirement that he register as a sex offender as a result of his 2004 conviction for sexual abuse of a minor. Plaintiff also complains about an arrest that occurred in February 2008.[3] Defendants argued, and the Magistrate Judge agreed, that these claims were barred by the applicable statute of limitations. The Magistrate Judge also concluded that the Utah Department of Corrections was not a person under § 1983 and subject to dismissal.

Plaintiff now argues that the statute of limitations should be tolled. Plaintiff also contests the dismissal of the Department of Corrections.

A.  STATUTE OF LIMITATIONS

"For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions."[4] Utah's four-year residual statute of limitations applies to § 1983 claims, "which accrue on the date of the constitutional violation."[5] "Claims arising out of

---

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[3] There is some confusion as to whether the arrest occurred in December 2007 or February 2008. The Court will use the later date, though the analysis does not change.

[4] *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

[5] *Loard v. Sorenson*, 561 F. App'x 703, 705 (10th Cir. 2014).

police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."[6]

With respect to the 2008 arrest, any claim related to that arrest accrued on that date and the statute of limitations expired in 2012. Plaintiff did not bring this action until 2018. Therefore, that claim is untimely and there is no basis for tolling.

Turning to Plaintiff's claims related to the sex offender registration requirement, Plaintiff was informed of the requirement to register as a sex offender by March 2007, at the latest. Plaintiff did not bring this action for over a decade after he learned of his obligation. Despite this, Plaintiff argues that his claims should be permitted to proceed under the continuing violation doctrine because his obligation to register continued until 2018.

"Assuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'"[7] "[A] plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt."[8]

Here, Plaintiff's claims arise from the discrete act of being required to register as a sex offender. This occurred no later than March 2007. The fact that Plaintiff continued to feel the effects of that discrete act does not save his claims under the continuing violation doctrine. Accordingly, they must be dismissed as time-barred.

---

[6] *Johnson v. Johnson Cty. Comm'n. Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

[7] *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (quoting *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984)).

[8] *Pike v. City of Mission, Kan.*, 731 F.2d 655, 660 (10th Cir. 1984).

Plaintiff further argues that the six-year statute of limitation set out in Utah Code Ann. § 78B-2-310 should apply. However, that provision applies to actions "by the state, any agency, or public corporation." Plaintiff is not the state, an agency, or a public corporation. Therefore, this provision does not apply. Plaintiff's other arguments in favor of tolling are similarly unavailing.

B.     DEPARTMENT OF CORRECTIONS

The Court turns next to Plaintiff's claims against the Department of Corrections. Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Only "persons," as that term has been defined by the courts, are subject to suit under § 1983. "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[9] Because the Utah Department of Corrections is an arm of the state, it is not a person under § 1983 and the claims against it are subject to dismissal.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Objection (Docket No. 51) is OVERRULED. It is further

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 50) is ADOPTED IN FULL.

---

[9] *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995).

4

DATED this 19th day of August, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge